All rise. The University of Maryland 450 Division is now in session. I will Justice Mary L. Vickford preside. Please be seated. Would the clerk please call the case. 124-1356, People v. Kevin Jackson. Thank you. Before we begin, I just want to say we have read everything. Please start with that assumption. We're going to do 20 minutes aside plus 5 extra for the appellant for rebuttal. We don't need to reserve any time for rebuttal. We're not going to be terribly strict with time, but please try to stick to those. With the appellant, please begin. One last thing. You can come on up. I'm not starting your time yet. This does not amplify. It simply records, so keep your voice up if there are people all the way in the back. Also, there may be people who don't know the facts in this case, so do feel free to give some background just for the audience, although we have read this. Thank you, Your Honor. I will. May it please the Court. My name is Brandon Clark. I'm here with Co-Counsel Elizabeth Bacon today on behalf of Kevin Jackson, and we are joined today, as the Court will no doubt notice, by many of Mr. Jackson's family and supporters. I'd like to spend my time discussing two narrow dispositive issues before the Court. First is whether the circuit court below committed error when rendering its opinion, and second whether Mr. Jackson has shown, by preponderance of the evidence, that the new information submitted with his 2-1401 petition to vacate his conviction would have prevented his conviction if it had been known at the time of his trial. I'd submit that the answer to both these questions is yes, and therefore ask this Court to grant Mr. Jackson relief. I'd like to turn first to the errors committed by the Court below. There were errors of both fact and law, taking them in turn and beginning with the errors of fact. With respect to physical evidence, the Court explicitly made an unsupported finding that physical evidence corroborated the recanted statements at trial. This is contrary both to this Court's prior decision, I'd refer you to paragraph 9, in which this Court said that there was no forensic evidence supporting Mr. Jackson's conviction, and it was also contrary to the reinvestigation report's findings, specifically the opinions of two forensic experts that were engaged by the reinvestigation team. I'd refer the Court to page 194 of our appendix, among others. Can you give me a cite, if you can, of where in her opinion she says that there was forensic evidence that supported the conviction? Do you have an opinion? Yes, Your Honor. It was page 80 of the appendix. Due to the conversion, I think it was page 32 of the opinion, but appendix page 80. Yes. The Court stated that I don't have the exact quote in my, where I have it be at the podium, but I believe it was that physical evidence corroborated the recanted statements, which is diametrically opposed to, as I said, this Court's prior findings, and also the reinvestigation report, which was what was before the Circuit Court in making its decision. So, interestingly, I don't, I just wonder if you want to comment on this, on direct appeal, this Court also said that. And I think it was a key fact to the Court on direct appeal. Yes, Your Honor. I would agree that throughout the course of this litigation, there has never been any forensic evidence presented to support the conviction. The fact that the Judge Patron and the decision that's currently before you found otherwise is striking to me, to say the least. Can I ask for your help? There's a lot here. And I thank you for your appendix. My colleagues know I frequently browse about the insufficiency of the appendix. So help me with the 214-01 statement. It has to be new evidence, and it has to be of such a character that it would have precluded the entry of judgment. Yes, Your Honor. And this 214-01 process is begun by filing it's an interesting twist. It's a rule of civil procedure that can provide relief from a criminal court judgment, but it's governed by the rules of civil procedure. Yes, Your Honor. And Illinois is a fact-putting state. Yes, Your Honor. So can you point to me in your petition the well-pled facts that entitle Mr. Jackson to relief? Yes, Your Honor. As you may recall, at the time that we submitted the 14-01 petition, the state had, at that time, refused to produce to Mr. Jackson and counsel the reinvestigation report, which provides the detailed factual background. Now, I would note, however, that in the petition itself, and you can find this in Appendix 003, Paragraph 5, the reinvestigation report is incorporated by reference. And that, the reinvestigation report was in unredacted form submitted to Judge Patron I think it was at the first hearing before her. Now, we did not receive it until after this appeal had been... So you didn't know what was in it, and yet you're incorporating it by reference? I guess one of the difficulties with that is one of the reasons why in civil practice we require a specific paragraph number is that you eliminate this problem about what has been admitted or what's been conceded and what hasn't been conceded. Yes, Your Honor. So if you do turn to that paragraph there, we have identified on information and belief a number of facts that we believe to have been in the reinvestigation report supporting our relief. As it turns out, those facts and more actually are in the reinvestigation report, which was before the Court. Did you ever ask for Lee to amend your petition to plead those facts? We... If you go back through the record of the hearings before the Court and the filings of the Circuit Court, we had been attempting to obtain an unredacted copy until after, like I say, this appeal was filed. We finally got it on July 8th. This appeal was noticed on June 24th. It was much too late to amend, unfortunately. Well, you can amend it. You can amend that appeal. You can amend it at any point. You can seek Lee to amend it. You never asked. So you never asked a trial judge. Another... In your supplemental appendix, where you... As I understand it, you submitted a draft of your petition to the First Assistant State's Attorney, Ms. Lumiere, and she said, we agree with the filing, with your right to file, and we're not opposing the relief on the interest of justice. This is nothing about conceding facts. But then she goes on to say, please file a petition alleging the facts and evidence in support of a vacature and attach any documentation in support thereof to ensure that the court does not summarily dismiss your petition on its own. So she's giving you notice, it seems, that there's a deficiency on the face of the petition. So at that time, Ms. Lumiere had not actually seen what we were preparing. I agree that she did advise us of that. However, at the same time was refusing to provide us with that information that we would have liked to have used in making our decision. If I may turn back to... Sorry, you had... I was just going to ask... So, at the very least, then, now in possession of the unredacted report, if there are deficiencies in the petition, this is something you could cure by repeating, or are you electing to stand on the petition as you file? Well, that was actually the question I was going to return to. Your Honor, I believe, said that even on appeal we could have amended our petition. My understanding is that once we filed our notice of appeal, the circuit court lost jurisdiction. So the only way we could have amended would have been to somehow amend here in this court. And I would submit that by including it in the record... Well, you control filing the notice of appeal. I mean, it's very common, as you know, in civil practice that lawyers will seek reconsideration, knowing that they're going to lose, but propose and seek leave to amend, as well as to preserve their right to argue on appeal that, at the very least, they should have had leave to amend. At the time, we had no reason to believe that there would be any opportunity of prevailing in front of Judge Patron, nor that we would obtain the reinvestigation report. By the time we did obtain the reinvestigation report, we had already noticed our appeal, and there's an irreconcilable disconnect here, I'm afraid. If we'd had the reinvestigation report, which, again, we asked for well before we filed our 1401 petition, we'd be in a different situation. Now, we might still be here because Judge Masel denied it, and I want to get to a little bit of how we think her analysis in having that report was flawed, but we would at least have filed something different. I can agree with that. But you would have had a much stronger position in terms of, well, you would have actually known the specifics of the report, so you could allege that. We certainly would have had specifics. There's no doubt about that. And that is, while I don't think that this issue of whether we were entitled to the reinvestigation report at any particular time is squarely before the Court today, it was something we argued a lot about below. Well, it could be a way in which she abused her discretion, could it not? Her refusal to give you the report, her refusal to even rule on your motion to get the report before she ruled on the merits of your petition that's prompting a need for a notice of appeal to lose that appeal. It would seem reasonable to, now that you have the report, to go back and have an opportunity to amend your petition to cure whatever defects may be in it, right? So if we were back in the Circuit Court at this point in time, I think there's no question that we would file something different. I would submit that in the interest of justice, given the long delays for Mr. Jackson and the fact that the State has not objected to the relief and all of the other circumstances of this case, it would be prejudicial, inefficient, just abusive, or beneficially unjust is the phrase I'm looking for. So, counsel, why don't you tell us what the new facts would be? What would you add? Yes, absolutely. So, in addition to what I was discussing earlier about the physical evidence the experts in forensic investigations directly contradicting the witness statements, in addition to that, there are a number of things. One is that, as this Court has previously found, any evidence corroborating the claims of police misconduct may very well have changed the jury's decision at trial. In the re-investigation report, and I would refer you to the appendix page 237 through 246, approximately 10 pages, the re-investigation team documents threats of removing, repeated threats, repeated incidents of threats of removing children from witnesses' homes through DCFS action, of lengthy investigations, of high-pressure polygraph examinations, of recanted witness statements at trial, of physical abuse of suspects, and questionable testimony by these officers in, and I'll list them out for you, the cases of Andre Mosley, Curtis Weakley, Derek Hatchett, Keith Pike, Maurice Patterson, Donate Graham, Lamont Donegan, Antonio Perry, Mark Scott, Nicole Harris, Annette Harris, Terence Loftin, and there are others. That leads to a question. Those, I believe, are actually in the report, but to some extent the report cites other reports that are accessible by links. Did you have those, have you ever seen those links? Have you seen those underlying reports? I don't know what I don't have, but we have received a number of attachments and exhibits referenced in the re-investigation report from the state's attorney. Did the court have those? I don't know. I don't believe so, but I don't know. Certainly the court could have had them, if asked. With regard to that, that is to say, the report summarizes police misconduct, which if credited is troubling and, as you argue, could have changed the outcome. Is the trial judge required to accept that? The state cited in its brief a couple of cases saying that the trial court is not bound by the party's agreements. Now, I would note that both of those cases, the names of which are Steve McGruber, I believe, and Holder, dealt with legal conclusions, whether there were factual issues between the parties. I have not seen, the state has not cited, a case where there's been a stipulation of facts that the court has found it was not bound by. So you're not aware that in Cook County every day scores, if not hundreds of criminal cases, are resolved by agreement, and in each one of those cases, it is required by Supreme Court rule and United States Supreme Court precedent that the court hears a factual basis proffered by the prosecution in the defense that it has to stipulate. So that's before the entry of a plea, a trial judge is required to do that, independently of the party's agreement. Are you aware of that? I don't see that as being in conflict with this. What I'm suggesting here is that we have proffered facts, the state has not responded, and therefore by operation of law, those are deemed admitted. Again, getting back to this, I know it seems like form over substance, but we have this dispute now between you and the state as to what was admitted and what wasn't admitted, and if you're just looking strictly at the petition that you filed, there's no well-pled fact there. So the fact that the state didn't respond to it, it's nothing. Factually, if the court rules that there were no well-pled facts, then I guess that changes the situation. That obviously is not my position. I believe that there were well-pled facts. But you believe that by virtue of the incorporation of the reinvestigation report, which the state had, and the court had, even though you didn't have it. Exactly. And it would seem to me to be, you know, to put form too far over substance to say that the state can withhold something that was brainy material, force us to file at what Your Honor seems to be suggesting is a deficient petition, and then rely on that fact to defeat us here before this court. At some point... So what's the remedy? The remedy is you just win outright? Or do you have to go back and correct the problem? And again, I would suggest that we have corrected it in our briefing here before this court. The reinvestigation report is before this court, was before the court below, and we have identified specifically errors of fact and of law connected with precedent of this court to the Illinois Supreme Court as to why we believe that relief is not strictly appropriate. Going back to what the court had and what you had, the court, early on in the proceeding, I don't remember the exact date, but said, I want to look at the whole record. And got her to go see where the record was and said, I brought the record, some of it's actually physical, it was brought to me, some of it is... And then when she issued her opinion, she said, I was missing this, this, this, this, and this. Were you ever advised in between those two dates that she was missing part of the record? No, and if you go through the statute report by statute report, the completeness of the record the judge stated she had changes from time to time. She had everything, and then she didn't, and then she found something she missed, and then she had it. Isn't that, I mean, that's addressed in 214.01 on its face, which is the moving party is supposed to append facts and evidence, affidavits and other evidence, so everybody's clear what the court has, right? The new information that Mr. Jackson submitted in support of this 1401 petition was within the possession of the state. It refused to provide it to us. We did the best we could by submitting our petition with reference to that report. Now, the prior history of Mr. Jackson's case, I'm not saying it's entirely irrelevant, but this court's previous decision, which lays out the facts that were induced at trial, lays out the legal issues, lays out what the official history, all that, was sufficient in addition to what we submitted for the court to rule. I'm in the process of reading, not through the trial record yet, but I'm partially through. I couldn't imagine being a trial judge and agreeing to vacate any judgment, civil or criminal, where there had been a trial without reviewing what had occurred at the trial. It just doesn't seem beyond the realm of, it doesn't seem unreasonable that the trial judge would want to see that, right? As I understand the precedent for a 1401 petition, I'm not saying it would be improper for the court to go back, but it certainly was not required to. And this court's focus on what happened at trial to the limitation of what happened since, to reviewing the reinvestigation report, a substantial reinvestigation by eminently qualified attorneys, members of this bar, involving multiple expert reports who re-interviewed dozens of people. None of those expert reports, correct me if I'm wrong, none of them were submitted to trial. She's reading a summary of what these expert reports found. So even that is problematic in terms of being able to judge what is really new and what's not new. Is this merely an expert or a new expert giving a new opinion based on historic facts or is there something really new here? And again, I mean, I hate to be a stickler for procedure, but this problem will be eliminated and could be cured on remand by going back and filing a petition and appending everything that should be considered by the court. Perhaps I would again fall back on, in the interest of justice, Mr. Jackson has now been fighting this conviction for 23 years. We've been, before this Court, before the Supreme Court, we've had more than a year-long reinvestigation to which the State not only acquiesced, but selected the reinvestigators who prepared an incredibly thorough report supported by volumes of additional information, and we could not even get a decision from the we couldn't get the report itself until after the court below ruled. And the court below didn't even review this report by all accounts. You filed motions to compel as well. Yes, Your Honor. Can you just go through the steps? You mentioned earlier that you did your best to try to get it. Can you go through the steps for us? Of course, Your Honor. We filed a motion to produce Brady material in the circuit court below. We had submitted a FOIA request and filed a when the FOIA was denied, we filed a suit in the law division seeking its release under FOIA. We ultimately were able to get a redacted copy of the report from the State's attorney, and we did submit that to the trial court. Did the court have a redacted or unredacted copy? The court had an unredacted copy. The State, I believe it's someplace in the appendix, although I'm sorry I couldn't cite your chapter and verse for that one. Yes, there's the redacted copy that we received, Justice McPherson. And the circuit court said, well, that's no use. Yeah, it was the first thing she said to me was, I don't want this. And we said, actually, that's our point, Your Honor. We would like the unredacted version. She ordered the State to produce it to her, which they did, but we did not get anything but that unredacted version for much longer. At that time, though, we did ask the judge, and it's in the report of proceedings, that we want this as well. We filed a supplemental or a reply brief to our original oral grading motion that laid out all the reasons why we needed it. It went nowhere until, as I mentioned earlier, after our petition was denied. A week later, the court called us back in, and though our position was the court had no jurisdiction to rule, ruled to have it released, and we're happy we got it. Let me ask you another question about the report and how it overlays with the 214-01. So it has to be new, and the evidence has to be of the character that, if known to the trial court, at the time the judgment was entered, it would have prevented the entry of judgment. Yes. What do you make of Professor Inerdy's conclusion? Appendix 268, a new trial might possibly result in a conviction. Doesn't that defeat any claim that you have appropriate relief under Section 214-01? I read Professor Geraghty's statement there as being very politic. Elsewhere in the report, he states that... I thought we had to accept everything in the report was true. Now we're picking and choosing what we accept. No, no, no. Professor Geraghty said that it may result in a conviction. We might indict a ham sandwich for the JFK assassination, and it might get a conviction, but that doesn't mean that it's likely. Is that really the standard, then? Isn't the standard, the evidence has to be such that the classic case would be DNA evidence which exonerates the defendant. Couldn't have been him. That would have, if known, would have prevented the entry of the judgment. So I've mentioned the fiscal evidence, which contradicts the state's prime witness at the trial. I've mentioned the police misconduct, but there's another thing that I should mention that I haven't gotten to yet. The reinvestigation report details a finding by the Conviction Integrity Unit by Director Roedert at the time in, I believe it was 2019, give or take, speaking with the third victim, Stanley Watson, who never testified at trial, who also stated, just like his uncle Michael Watson, who did testify at trial, that Kevin Jackson was not the man who shot him. So all of this evidence, cumulatively, you now have two surviving victims say, this is not the guy who shot me. You have, I understand that, but these are in a report, in a summary. It's not an affidavit. It's hearsay. How do you get this before the court in some sort of an evidentiary format? Do you have an evidentiary hearing? Are witnesses called? I mean... Since you mentioned evidentiary hearing, the fact that the court here denied the petition without holding evidentiary hearing, I think, brings us to de novo review. Now, had the court wanted to hold an evidentiary hearing, that's exactly what it would have done. We would have called Professor Garrity. We would have called Professor Rob Owen. We would have called Stanley Watson. We would have called the experts. We would have put on essentially a whole new trial. That didn't happen because of the court's decision to rule on the law and, again, she ruled on the petition that was before her which is bereft of factual allegations. She ruled as a matter of law. So this court then is imbued with de novo standard of review and while I understand the concerns that you have with the pleading, the circumstances of our inability to get the reinvestigation report because of the way things are situated, I would just refer the court back to its decision in re-detention of Morris, which is 362 Illinois, Act 3, 321 and specifically the passage of 323, which acknowledges that relief should be granted under Section 2, 1401 when necessary to achieve justice. I think given this court's prior decision about how close the evidence was one justice of this court actually went so far as to say that Mr. Jackson's case has all the hallmarks of one in which the wrong person was convicted. So that's one judge who's on the right side, in your view, of the 15 or so judges who've looked at this case over 27 years? So as the reinvestigation report notes, and that's only after she was on the wrong side. You're both running out of time. It's the market review judge is the willingness to change one. I would simply note that as the reinvestigation report notes, all of these prior decisions have turned on procedural issues. I think the phrase that the reinvestigation report uses is there has never been a searching judicial review of the merits of Mr. Jackson's claim. And I would submit to this court that the reinvestigation report did exactly that. Now, whether it was broken out, I can't argue that it was broken out into individually numbered paragraphs that would look like what we would think of as a pleading. Because of the circumstances that we were working with, we cited it by reference. But it does seem that Professor Geraghty's conclusions seem to contemplate that there would have to be an evidentiary here. And then you would win a new trial and he thinks that's likely. And then he recommends that that not be pursued. So in final conclusion, you are absolutely correct. As Professor Geraghty states, at the beginning of the report, he's a bit more, his statements are a bit more barbed in stating that he believes Mr. Jackson should be, here we go, at A196, the end of the first full paragraph and page, we will discuss in depth the specific reasons we have concluded that Jackson's conviction lacks sufficient integrity to be allowed to stand. That to me reads very differently than, well, he might win on retrial. I mean, I think, you know, without a crystal ball, no one can say for certain what happened on retrial. But in describing the findings of the team, Professor Geraghty said that this conviction lacks integrity, which is, I would say, consistent with what a lot of what this Court said the last time this case was before it. Now, on procedural grounds, Mr. Jackson was denied relief at that point. I'm not here to re-argue that. But the factual findings of this Court, there was no forensic evidence. Any amount of corroborating evidence of police misconduct might have changed the situation. The surviving victim saying that Mr. Jackson was in the shooter, well, now there's a second one of those. All of these things together bring us to a point where I think in the interest of justice, this conviction just simply cannot stand. And I recognize I'm very tight on time, but if I, you may allow me just very quickly to state that in addition to the errors of fact that we've, you know, kind of drawn out here, the Court also made errors of law in that it never cited the elements for 1401. It never discussed the burden of proof that was before it. It engaged in a wholly results-driven analysis where it gave short shrift to Mr. Jackson's arguments. You didn't include the elements of the burden of proof in your petition, did you? We cited 1401. And the Court in a status hearing before it stated that it had been unable to find what the standard of review should be, which I think is a shocking thing for a circuit court to admit in relation to a pretty routine motion. And that can be found in the record at 2666 through 2667. With that, I appreciate the Court's indulgence. Let me run over a little bit. I'll save the remainder of our time for rebuttal. Thank you. Thank you. Good morning. Good morning, Your Honor. My name is Thorne Martin for the people. May it please the Court. The people do not oppose the filing of this 21401 petition and did not oppose the release sought, the vacature of the convictions. The decision to set aside the convictions rested solely with the trial court, which is bound by law to consider the record before it, which in this case was the pleadings, the SASA report that it had at all times, and the entire record, including prior statements, prior decisions of this Court, the Illinois Supreme Court, the trial court before it in the original proceeding, and the jury's verdict. The SASA report involved an extensive review of facts, testimony, and legal research. The SASA report, the Garrett, he was calling the Garrett report, the Special Assistant State's Attorney's report. Excuse me, yes. Everybody in the room, Special Assistant State's Attorney's report. You can call it the SASA report. Thank you. And the defense did have that redacted SASA report, and I know you have pointed it out. Many of the contents were redacted as it was believed that those were deliberative process in opinions of that Special Assistant State's Attorney. However, the facts of that report are extensive. The witnesses that were interviewed, the expert opinions that were given in that case, and the cataloging of some of the pattern of practice cases. Did you view the report as incorporated by reference into the petition? Did you understand that it was incorporated by reference into the petition? I think it's clear from the Court's rulings that she considered the entire unredacted report as she cites it. As part of the petition. Exactly. Yes. She also cites two. So you're conceding every fact in the report? Judge, we are not conceding any facts with respect to the report as we stated on the record in an initial proceeding in December of last year and in a filing to the Court that we were not conceding any facts. The report is part of the petition, and you don't object to the petition. It's a matter just of civil practice. If you fail to respond to a civil complaint, you are deemed to have admitted the facts alleged in the complaint. Except we stated on the record and in filings that we were not taking any position with respect to the facts contained in the petition. And that the entire record, as we know, as the trial court was bound as a matter of law, includes the affidavits, the pleadings, and the entire record. Even as counsel cites Vincent for his standard of review argument, that is the standard of what is the pleadings for the trial court to consider. So what do you propose that we do then? I'm not clear. I read it, but I'm not clear. If you're not taking a stance, then what should we do? Judge, in this case, this stage of appellate review, we are considering whether the trial court made any errors. We argue that the abuse of discretion is the standard of review with respect to that. Because they were intensely fact-based questions that she was resolving. She was considering facts that were brought out at the trial court. You mentioned that there were some things that were not before the court. However, she had the appellate witness. How do you resolve a factual contradiction? Absent you conceding the fact, and you say you didn't concede the fact, how do you resolve a fact dispute without a hearing, without an evidentiary hearing? The defense did not ask for an evidentiary hearing. The state did not ask for an evidentiary hearing. She instead decided to rule on the merits of this case, not as a matter of law, that the petition was insufficient, but based on the merits, the factual pleadings, and the entire record. That is exactly the kind of scenario that exists in Smith v. Air Room and in the Warren County case, where there was no actual evidentiary hearing. So to answer Justice Johnson's question, what you think we should do is review what the trial court did and see if we think there was an abuse of discretion. That's what you think we should do. That is what is before the court, absolutely. And if there is an abuse of discretion, yes. We're affirming, but you are not clearly objecting to the position or the facts that were set out in the SASA report. We have taken no position with respect to those facts that are outlined in the SASA report. That's correct. We have pled that this is not an abuse of discretion. In fact, nowhere with respect to the ruling on the actual innocence claim. Can I sum it up as saying you're doing your job? Is that what's happening here? Judge, we state clearly that the appellate court, or excuse me, the trial court did its job with respect to reviewing the merits of this case, absolutely. Well, if you were to conclude that there was a defect in the plea, then wouldn't the remedy be to go back and amend the plea? Certainly. Yes. What we are stating, though, is that the trial court did have this unredacted report. Counsel, are you agreeing that they could have amended the pleading after the appeal was filed? Judge, I'm taking no position with respect to that legal issue. It was not presented in the appellate brief. However, we state in our response brief that the court did have this information. It considered it. It certainly was I believe the redacted report, which contains a lot of the factual material, was included in the proceedings. The problem is that the reason why the rules of civil procedure require that these facts be pled with specificity then we wouldn't have this problem that we're having right now as to what facts in the report were essentially deemed admitted by your failure to respond or taking no position versus what facts you won't concede. Your Honor, excuse me, Justice, of course I have it. He's a judge, too. Excuse me. I think that's what the rules say. The trial court was faced, as many trial courts are, with differing facts and made its ruling based on those facts. What do you make of the First Assistant State's Attorney's email on the eve of the filing of the petition saying, be sure to include facts and attach your evidence? Was that the position of your office then? Absolutely, yes. And we tendered that redacted report shortly after that email. It was a part of a supplemental filing with respect to this, I believe with respect to the claim of a Brady violation. As far as I'm concerned, that was considered as a part of the pleading, the redacted report at least. And I know that... And the supplement that the defendant filed in support of his petition, you used that as part of the petition as well? It was what was before the court. You get to make up your own rules of civil procedure. A petition is the equivalent of a civil complaint. There has to be numbered paragraphs, that it has to be pledged with specificity. This idea that you can incorporate the Chicago Telephone book by reference into your pleading and then... I just... That's new to me. So had the defense taken your colleague's suggestion, would that have changed the State's position at all in this matter? The suggestion to include the contents of the report as well-plaid facts in the petition. What I would say, Your Honor, is that they were by incorporation. Now, is that an affidavit? Is that actual testimony? No, it's not. So it may still be insufficient, as you pointed out a couple times. However, it was absolutely considered by the court. We believe the defense did, in fact, file at least the redacted portion in pleadings that were before the court. Maybe not as a part of the petition, but it was something that the court had considered and ruled upon in their motion. So would your position, the State's position, have changed? That was my question. The State's position with respect to adopting the stats that report facts and opinions? No, it would not. Absolutely. We took no position with respect to the redacted report, the unredacted report, or any of the pleadings. The report is a report of your office. That's correct. Okay. Did you have a question? I did, but I... Oh, please. No, no. You're in a somewhat difficult position. I think we all recognize that. I mean, because... If the petition had alleged that Detective Forberg had threatened to take the children away from one of the witnesses if she didn't implicate Jackson, would your office take no position on that relative... If it was alleged with specificity in the petition, or would you have filed a response denying that? Judge, it's difficult to respond to a hypothetical question like that. It's not hypothetical. It's in the report. Yes, Your Honor. What we have in this report is the laundry list of cases that he cited and began to cite the list with respect to those cases. All of those cases had allegations such as that pled before triars of fact. They were rejected and affirmed by this court. That is the additional material that's in the record and in the commonwealth. It's in the opinions with respect to those cases. Don't you see the problem in terms of inviting judicial action requires that there be some sort of a factual basis. And it's either going to be stipulated or it's going to be disputed. And if it's disputed there has to be a hearing. And which is it? As to that specific allegation, is it disputed? Is it accepted and deemed true? Your Honor, I respectfully believe that the state's attorney can take the position that it's not adopting facts especially when we clearly state as much. The defendant did not ask for an evidentiary hearing with respect to this case where that might have solved that issue. He went forward. He wanted a proceeding. He wanted something on the merits and the trial court gave that. A factual finding on the merits presented. And consider whether any of that evidence was new, non-cumulative, or of such a conclusive character. And it found that it was not. It is presumed to know. How could you even know? Because she doesn't have the expert reports in front of her. She doesn't have an affidavit from the expert. It's not appended to the petition. It's not appended to the report. She's to make a determination on vacating a criminal conviction based on a summary report that's largely historical as to what has happened in the last 20 years. And that is what the defense provided to her and that is what she considered. Whether that was an insufficient consideration, whether you consider that an abuse of discretion, that is what she was faced with by the defendant. And he is bound by the choices that he made with respect to this. For expedience's sake, it's clear from the record that he wanted a ruling on the merits. But before the trial court, it was an agreed request, or at least a not-objected-to request. He said, here's the report, vacate this conviction. What does the state say? We have no objection. To the relief, correct. To the relief of vacating the conviction. Yes. But just as a court has to have a factual basis to take the plea and enter a judgment of conviction, it has to have a factual basis to vacate. And the parties said the factual basis is this report. Yes. And the discretion is within the trial court whether to vacate or not. To say that's enough or not, I understand that's your position. That she, that we don't review this de novo, we review it for an abuse of discretion. That's your position. Even if it's considered de novo, there can be no error where this is an actual innocence claim that is met with prosecution. You know, actual innocence or, and I agreed with a couple people who said this, but Tom Garrity doesn't really say, I'm absolutely sure he's innocent. He says this conviction cannot stand. It rests on too weak a foundation to stand. We do not want this conviction on our books. Now those aren't exactly the same thing, but they are two different bases on which you can vacate a conviction under 1401, are they not? Those are both basis is yes, but again, we did not take a position with respect to the Sasser report. Or with respect to vacating the conviction. Absolutely, because that rested entirely with the trial court. We did signal if we had the discretion with respect to this case, what would we do? We would not retry. Exactly. Without making any statements with respect to the Sasser report or any of the conclusions it made. Well, you went a little farther than saying we wouldn't retry it. You also said you had no objection to the relief that the defendant was seeking. Is that correct? Yes, sir. Your Honor. Does it, is it, is it, and you may not know the answer, is it common for the state to not object to a 1401 petition? If you don't know the answer, that's fine. Your Honor, with respect to every case, it's reviewed on the merits. There has been much discussion with respect to deliberative process. We have strenuously made objections to the release of the unredacted report because we consider much of that deliberative process. I will not speak about what we do with respect to other cases. That's fair. Absolutely. Totally fair. Your Honor, in this case, the state's attorney's office took its ethical obligations very seriously. That this court previously stated we were obligated to do, Illinois Supreme Court Justice Neville indicated we were obligated to do. We did that in this case. Even before this court ruled on the post-conviction petition, there was a CIU investigation, a conviction integrity unit investigation. When the appearance of impropriety was raised within that team, special assistant state's attorneys were assigned to review that case. They did an exhaustive review with respect to this case, and we upheld that ethical obligation by presenting it to the court. But the conviction always lied with the court, and it was ultimately up to that court to decide whether the conviction should be set aside. We signaled what would happen if we had our discretion. However, the trial court reviewed all of that report, considered it, rejected some of the findings of it, rejected the credibility findings. I have one last question about the report. Were you troubled as a lawyer with the fact that the defense counsel was going through this entire process without an unredacted copy of the report that you knew was the key basis for this 1401 petition? Judge, respectfully, there's been much discussion about the unredacted report. They had the redacted report that has the witness accounts that, according to the defense, were new. According to the Garrity report... Even prosecutors are entitled to the protection of work product doctrine? Yes. So your internal correspondence of a line prosecutor with a supervisor with the state's attorney or another supervisor, that's not routinely disclosed. Correct. And the report was prepared by a court-appointed special assistant state's attorney. Actually, Judge, it was by a special assistant state's attorney appointed by the state's attorney's office. This was not an independent... I stand corrected. Yes, they were a state's attorney just as any state's attorney that's assigned to this case, and they were protected by that privilege, that deliberative process. They were deciding, as you can see from the unredacted report, the weight to be given to such pieces. Was there a court order telling you to turn over the unredacted copy? Yes, Judge. The procedural history of this is that the court issued its ruling on the merits, yes. It did cite, I'm aware of, at least two subject headings that had previously been redacted. It was still pending that there was this motion to produce the unredacted portion, because the redacted portion had already been produced. Subsequent to that hearing, in the reading of the ruling, the trial court ordered that we tender that document. Over our objection, again, with respect to deliberative process and privilege, we ultimately chose to deliver that to the defense. That was an initial subject of some of the initial proceedings in this appellate court, was whether that should be made a part of the record. And there was some discussion that it had been leaked somehow, that in any event the news media had it? That's somewhere in the record. I don't know that it necessarily matters. I believe it is alleged in the record by defense counsel that some media outlets had it. I will not speak further whether that weighed in any decision. In these factual findings that the trial court found, in considering the SASA report, it rejected the credibility findings that the SASA had indicated. Well, how can you do that without an evidentiary hearing? Excuse me. I may have misspoke there, Your Honor. What the trial court rejected was the SASA attorneys replacing their credibility findings with that of the prior fact, and that that would be improper as found by law. The trial court also rejected that it was new in cumulative evidence with respect to the polygraph opinions that were cited in that SASA report. It rejected that the additional listing and pattern and practice evidence, or pattern and practice summaries that were listed in the SASA report were either new, cumulative, or of a conclusive character. One thing that the trial court never mentions is this new evidence from experts that the trajectory of the bullets could not possibly have matched the out-of-court statements of the State's witnesses. Your Honor... She never mentions that. That seems somewhat significant. The trial court does mention that the CIU investigations and the SASA investigations found nothing new. With respect to that... Nothing new, but... But that's new, is it not? With respect to the newness, it has to be something that could not have been discovered at the time that the trial... You're talking post-conviction. You're not talking 1401. There's no equivalent. Well, it has to be something that would have changed the result. It has to be new and not available. It could not have been obtained... That isn't post-conviction. No, it isn't. It's a 214-01. And, Judge, Your Honor, I would agree with you. No disrespect to you, Your Honor. I would agree that that is what's required. So you could have got an expert in 2001 to apply that... We don't know that because we don't have the expert's reports. You really... Without seeing the actual report, we don't know if there's anything new in it. Maybe he has some new technique that wasn't available in 2001, or maybe he's merely analyzing historic facts and coming to an opinion. One would be new. One would not be new. Again, I don't know how we get there without seeing what's behind the report. Your point to the sufficiency of the pleadings, I appreciate. What is in the record is, with respect to the post-trial mentions, is that the trial court ruled that there was corroborative evidence. As this court stated in the post-conviction proceedings, there was no forensic evidence. However, it's a misstatement to say that there wasn't any corroborative evidence. And the trial court actually found that there was corroborative evidence with respect to those very same casings and how they were spread out with respect to the witness test. What was the corroborative evidence? The casings at the back of the car and the spread for which they were at that scene, consistent with what witnesses stated. But the Gary report says that the shots had to have been fired from the driver's side. That's what the experts now say, and that's not what the witnesses said. There was one witness who said it was from the passenger's side. The other witness's testimony was consistent from what the state argued, that it was from the rear driver's side. And I believe this was an issue that came up in the examination of the person from corners, where the question was, did the witness say, wasn't that an issue in the trial? Yes, it was absolutely an issue in the trial. It was debated and argued, both sides in that case, and settled by the trial effect. I believe that goes to the newness of that argument. There was medical testimony in the trial court. There was not expert ballistic testimony as to what was there from where to where. Yes, the trajectory analysis that the Sasser report summarizes. That was not there in the trial. That's correct. I guess my point is and I do not believe that the trial judge in this case mentions that new ballistic evidence, nor does she mention the additional witness, does she who says it wasn't him? She does not detail that, as you would state, as the point you are making, Your Honor. However, she does mention the CIU and Sasser investigations found nothing new. She ignored at least those two things and says there's nothing new. That's her conclusion, that there's nothing new. They don't say we found nothing new. Your Honor, I would not agree that she ignored it. I'm not saying she ignored it. She read it and said I read this and I see nothing new. That's her conclusion. But she doesn't discuss those two things and say why they're not new. Correct. She does not itemize them. Itemize. What's your question have to do if you had a proper plea? Your Honor, as far as with respect to this case, I must bring up one point as Your Honor has mentioned, the possibility of a remand. Reassignment of this case would not be proper under any circumstance. What would the remand be for? If Your Honor is looking for more of an evidentiary hearing. Something like that, there wouldn't be a remand. Correct. And it doesn't matter. Yes. You don't have to reach this issue. Yes, Your Honor. Your Honor, as in this case, we along with the defense presented the latest investigative information through the Sasser report in this case to the trial court while taking that position with respect to it. The trial court considered that report and made findings based on the facts and the entire record of this two decade old case and found that there was nothing new, non-cumulative and of such a conclusive nature to support a claim of factual innocence. This Court should affirm the trial court's decision. Thank you. Hello again. I have just a few points to raise and of course I'm happy to answer any questions. During the debate at the table, I realized that I was remiss in not mentioning that we did actually supplement our petition. You can find this in the record beginning at C441. Our petition was filed, I believe, on December 5th, very shortly after we were instructed to do so by State's attorney, Risa Lanier. We did not receive even the redacted copy until sometime thereafter. I forget the exact date, but we turned that into a supplemental pleading. It's not a pleading, right? A pleading is a complaint or a petition or a counterclaim. This is a brief. This is argument. It's no number of paragraphs. It doesn't resemble a pleading. Well, we submitted additional information that we gleaned from the redacted report on January 2nd and you can find in the Court's order which you can find at the appendix at A78 in one of the paragraphs, the Court mentions that this filing as something it relied on. Second, there's no question, and I don't believe there's any dispute about this, but that the Court absolutely had a copy of the unredacted report from the beginning. You can find a record of that in the appendix at A037. Did you object to that? Yes. Frequently. We felt we were entitled to the report from the beginning. We asked for the report well before we were in before Judge Patron. We kept up that objection for the entire seven months we were pending before her and we did not get it until July 8th. By which time, we may have had a briefing schedule of this appealed by that time. I can't say for certain. Absolutely. Your Honor mentioned work product protection for the State's Attorney. I would just note a couple of things. One, the report absolutely did leak to the press before we received it. That is in the record. If the Court is interested in going back and comparing the article that appeared in the Sun-Times before we received the reinvestigation report, you can tell that there is information in there, quotes attributed to the reinvestigation report, that were not in the redacted version. How can the Court decide a matter of any significance, but certainly something of this greatest significance, with a disparity in information? One side has the report. The Court has the report. But you, the opposing party, doesn't have the report. To me, and educate me, I don't understand how that could possibly be an appropriate procedure. Respectfully, I think that you're exactly right and that's why we think that remand here would be inappropriate. We should have had that report, in which case we could have presented the sort of pleading-your-honor wishes we had. The idea that there's information in this report that the Court has, it's given to her by one side, but not the other side? That, I mean, not to quote Professor Gary, that can't stand. We think it is fundamentally unfair. It was a Brady violation. Thankfully for us, we believe it was cured when we received it on the 8th, and we believe that this Court has the opportunity to further cure it by granting relief. The remedy for that isn't that you get to win your case. The remedy is, maybe you go back down, maybe you get a different judge, right? Respectfully, Your Honor, I would say that the remedy for that is that any reservations that Your Honor has about the pleading standards should be relaxed in this instance. If I may turn back briefly to the issue of work product, I would also just note as this Court undoubtedly knows, it's not an absolute protection. And given the leak and the importance of this information to the work product, the judge shouldn't have had it. Well, the Court gave it to us as another indication that perhaps that is not a viable reason to have kept the, or a proper reason to have kept the information from us. It also notes that the Court never actually identified any deficiencies in the report. It had plenty of opportunities to, in addition to saying that there was nothing new in the report, also said nothing exculpatory, which, to Your Honor's point, I think is flatly incorrect. And then finally, unless this Court has other questions for me, I would just note that I think it's really important to remember the State's position below. After fighting Mr. Jackson, after fighting to uphold Mr. Jackson's conviction for 23 years, it is said it does not oppose his release, it does not intend to retry him. In the interest of justice, we ask that this Court... You saw bail pending in K-1? We did, well, release. Did the State vote, sir? Yes. But we hope that this Court will correct that error. Thank you very much. Thank you all. This was really excellent briefing and argument on both sides. We will take the matter under advisement, and I think this Court is adjourned. Thank you.